# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EARL TONEY,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0784** (BOR Appeal No. 2049247)
            (Claim No. 2012027690)

**AUSTIN POWDER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Earl Toney, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Austin Powder Company, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 16, 2014, in which the Board affirmed a February 20, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 24, 2012, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Toney, a truck driver, was injured in the course of his employment on February 21, 2012, when he fell while pulling on a heavy door. Treatment notes from Plateau Medical Center from the date of injury indicate Mr. Toney was diagnosed with an acute lumbar myofascial strain. He was treated by Ryan Newell, D.O., for his injury. It was noted in February of 2012, that Mr. Toney had a history of chronic back pain. Dr. Newell diagnosed lumbar strain, lumbosacral spondylosis, lumbosacral strain, thoracic strain, cervical strain, and back pain in the thoracic region. He recommended physical therapy and medication.

1

Paul Bachwitt, M.D., conducted an independent medical evaluation on August 15, 2012, in order to determine the amount of permanent impairment Mr. Toney sustained as a result of his compensable injury. Dr. Bachwitt noted that Mr. Toney had a previous lower back injury in 2008 for which he was off of work for four to six months. Dr. Bachwitt also noted that he had spondylolisthesis at L5-S1 since he was six years old, which caused facet hypertrophy, anterior subluxation, and bilateral neural foraminal stenosis. Mr. Toney was found to be at maximum medical improvement for his lumbar spine injury. In an addendum report, Dr. Bachwitt assessed 5% lumbar spine impairment. In an independent medical evaluation on March 8, 2013, Bruce Guberman, M.D., also determined that Mr. Toney had reached maximum medical improvement. The claims administrator closed the claim for temporary total disability benefits on August 24, 2012, based upon Dr. Bachwitt's report.

On September 5, 2012, Dr. Newell released Mr. Toney to return to work with no restrictions. He testified in an August 1, 2013, deposition that Mr. Toney requested to be released to return to work. Dr. Newell stated that he was still experiencing some pain at that point, but he had reached maximum medical improvement. Dr. Newell asserted that Mr. Toney was temporarily and totally disabled from February 21, 2012, through September 5, 2012.

In its February 20, 2014, Order, the Office of Judges affirmed the claims administrator's decision closing the claim for temporary total disability benefits. It found that Dr. Bachwitt determined that Mr. Toney was at maximum medical improvement on August 15, 2012. Shortly thereafter, Dr. Newell released him to return to work without restrictions on September 5, 2012. The Office of Judges determined that the only medical evidence of record after Dr. Bachwitt's finding of maximum medical improvement and prior to Dr. Newell's release to return to work was an August 20, 2012, progress note from Dr. Newell. It was found that the progress note showed no discernable change or improvement in Mr. Toney's condition from August 20, 2012, to September 5, 2012. The Office of Judges therefore found that there is no evidence of record to refute Dr. Bachwitt's credible finding of maximum medical improvement on August 15, 2012. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 16, 2014.

On appeal, Mr. Toney argues that Dr. Newell testified that he had not fully recovered when he was released to return to work on a trial basis. He asserts that this shows that Dr. Bachwitt's finding of maximum medical improvement was incorrect. Austin Powder Company argues that Dr. Bachwitt's finding of maximum medical improvement was correct and is supported by Dr. Newell's similar finding shortly thereafter.

After review, we agree with the reasoning and conclusions of the Board of Review. The evidence of record shows that Dr. Bachwitt performed a credible evaluation of Mr. Toney and found him to be at maximum medical improvement for the compensable injury. There is no medical evidence of record refuting Dr. Bachwitt's finding.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II